**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| VALERIE COLLETTI,<br>on behalf of herself and all<br>similarly situated persons,<br><br>                  Plaintiff,<br><br>v.<br><br>MONITRONICS<br>INTERNATIONAL, INC.,<br><br>                  Defendant. | C.A. No. ____0:15-4838-TLW_____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

**CLASS ACTION COMPLAINT**

1.     Plaintiff, VALERIE COLLETTI, ("Plaintiff") brings this action on behalf of herself and the alleged class of persons similarly situated against Defendant, MONITRONICS, INC. ("MONITRONICS" or "Defendant") and other unknown Defendants whose involvement in the alleged acts complained of herein will be the subject of immediate discovery for violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff brings this action against Defendant to stop Defendant's practice of placing telephone calls and/or text messages to mobile telephones using an automatic telephone dialing system and using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party and to obtain redress for all persons injured by Defendant's conduct. This within lawsuit is brought on behalf of all recipients of telephone calls and/or text messages sent on behalf of MONITRONICS to the recipients' of cellular telephones by the use of an automatic telephone dialing system for the purpose of collecting debt that was/is allegedly owed.

## PRELIMINARY STATEMENT

2.      Defendant, Monitronics International, Inc. ("Defendant") is a corporation organized in and under the laws of Texas and operates residential security monitoring services throughout the United States. All of the telephone calls and/or text messages complained of herein were placed by or at the direction of MONITRONICS.

3.      Defendant engaged in debt collection by dialing and/or text messaging cellular telephone numbers throughout South Carolina and the greater United States using an automatic telephone dialing system and using an artificial or prerecorded voice to deliver a message or short message service (text message) without the prior express written consent of the called party. The Defendant transacts business in the state of South Carolina and placed calls to Plaintiff's cellular phone, which forms the basis of Plaintiff's causes of action. Plaintiff reserves the right to petition this Court to include additional parties should this litigation through discovery require Plaintiff to do so.

4.      Plaintiff, VALERIE COLLETTI ("Plaintiff") is an individual residing in Clover, South Carolina. Plaintiff brings this class action complaint against Defendant to halt Defendant's illegal practice of dialing cellular telephone numbers using an automatic telephone dialing system and using an artificial or prerecorded voice to deliver messages or text message without the prior express written consent of the called party throughout South Carolina and the greater United States for the collection of debt allegedly owed. For her class action complaint, Plaintiff alleges as follows upon personal information as to herself and her own acts and experiences, and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

5. This suit asserts allegations that Defendants violated the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*) ("TCPA") by making or causing to be made, and benefiting/profiting from dialing cellular telephone numbers (telephone calls or text messages) using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. The telephone calls or text messages were made to cellular telephones using equipment with the capacity to meet the definition of ATDS. By effectuating this telephonic spam, Defendants have caused consumers actual harm, not only because the consumers were subjected to a violation of their right to privacy, but also because of the annoyance and aggravation that necessarily accompanies unsolicited telemarketing of this nature. Most importantly, the calls alleged herein are in violation of the TCPA – a federal statute specifically prohibiting the type of conduct alleged herein.

6. The telephone calls or (short message service) text messages described herein were sent by Defendant or an agent authorized by Defendant to act on its behalf and for Defendant's direct benefit. The telemarketing calls concerned an attempt to collect debts allegedly owed.

7. Plaintiff has never provided consent, much less "express written consent" to receive calls or text messages on her cellular phone from Defendant. In the event any consent was provided by Plaintiff, it was revoked, but Defendant continued to repeatedly call and/or text Plaintiff without consent.

8. Plaintiff is informed and believes that Defendant dialed, or authorized the dialing of, thousands of such telephone calls and text messages to cellular or home numbers using an automatic dialing system without the prior express consent of the messaged party and using an

artificial or prerecorded voice to deliver a message. The making of such calls or text messages to cellular telephones without the recipients' consent violates 47 U.S.C. § 227.

9. Plaintiff, on behalf of herself and a class of similarly situated persons in the United States, as more specifically defined herein, brings this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

10. This Court has sole and exclusive jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and vests jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3). Venue is appropriate in the District of South Carolina, because Plaintiff resides in the District of South Carolina, and Plaintiff received text messages and/or telephone calls described herein from Defendant in the District of South Carolina.

## DESCRIPTION OF THE PARTIES

11. VALERIE COLLETTI is an individual domiciled and residing in the City of Clover, County of York, state of South Carolina.

12. Defendant, Monitronics International, Inc., is incorporated and headquartered in Texas with its principal place of business located in Dallas. Defendant, Monitronics, International, Inc. conducts business in the District of South Carolina, contacting individuals for the collection of debt allegedly owed by South Carolina consumers by initiating the unsolicited, spam telemarketing calls described herein to individuals who reside in the District of South Carolina.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

13.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

14.     The TCPA regulates, among other things, the use of automated telephone equipment. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated telemarketing is a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

15.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

16.     The *Telemarketing Sales Rule* provides that it is a "deceptive telemarketing act or practice and violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates ... § 310.4 of this Rule." 16 C.F.R. § 310.3(b).

17.     The FTC publishes a manual for businesses to help them ensure compliance with the TCPA, entitled *Complying with the Telemarketing Sales Rule* which provides:

> It is a violation of the Rule to substantially assist a seller or telemarketer while knowing - or consciously avoiding knowing - that the seller or telemarketer is

violating the Rule. Thus, taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability. The help that a third-party provides must be more than casual or incidental dealing with a sel1er or telemarketer that is not related to a violation of the Rule. For example, cleaning a telemarketer's office, delivering lunches to the telemarketer's premises, or engaging in some other activity with little or no relation to the conduct that violates the Rule would not be enough to support liability as an assistor or facilitator.

Third parties who do business with sellers and telemarketers should be aware that their dealings may provide a factual basis to support an inference that they know, or deliberately remain ignorant of, Rules violations of these sellers and telemarketers. For example, a third party who provides sellers or telemarketers with mailing lists, helps in creating sales scripts or direct mail pieces, or any other substantial assistance while knowing or deliberately avoiding knowing that the seller or telemarketer is engaged in a Rule violation may be violating the Rule.

### **Placing and Receipt of Debt Collection Calls And/Or Text Messages**

18.     At all relevant times Plaintiff, an individual residing in the State of South Carolina, was a "person" as defined by 47 U.S.C. § 153(32).

19.     Without Plaintiff's prior express written consent, Defendant made a call/text message to Plaintiff by initiating a call to Plaintiff's cellular telephone by call and/or text message. The call and/or text message received by Plaintiff was prerecorded and/or robotic and/or made with equipment capable of dialing numbers without human intervention, including short message service for text messaging for the commercial purpose of collecting debts allegedly owed. These facts evince that the call was initiated using an ATDS as defined by federal law.

20.     Plaintiff is informed and believes and thereon alleges that Defendant made, or had made on its behalf, the same (or substantially the same) calls *en masse* to thousands of cellular numbers throughout the United States.

21.     In making the telephone call at issue in the Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (or its agent(s)) has the capacity to store, produce, and dial random sequential numbers, and/or receive

and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Plaintiff further alleges that Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

22. The telephone number to which Defendant sent the call and/or text message alleged herein belongs to Plaintiff and is a cellular telephone service/number as specified in 47 U.S.C. § 227.

23. Plaintiff did not provide "express consent" to receive Defendant's calls on her cellular phone.

24. Plaintiff is informed and believes and based thereon alleges that substantially similar calls and/or text messages were sent using an automatic telephone dialing system and using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention to deliver a message to other individuals' cellular telephone lines.

25. None of those cellular telephone subscribers gave Defendant their prior express consent to receive such calls, and the calls were not made for emergency purposes.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of herself and all individuals in the United States and its territories that received telephonic spam calls from an automatic telephone dialing system on their cellular telephones. Specifically, the Class is defined as follows:

> All persons in the United States or its territories who received one or more calls or text messages on a cellular phone line dating back four (4) years from the date of filing this complaint to present, which was made by or caused to be made by Defendants, using an automatic telephone dialing system and using an artificial or prerecorded voice to deliver a message or equipment capable of dialing numbers without human intervention.

27. The Class consists of thousands of individuals who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective class and identities of the individual members thereof are ascertainable through Defendants' records, or the records of its representatives, including but not limited to the phone or transmission logs and/or telephone company records.

28. The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

29. The class has a well-defined community of interest. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

30. There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(2).

31. Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

   a) Whether Defendants' conduct violates 47 U.S.C. § 227;
   b) Whether the equipment used by Defendants to make the calls alleged herein qualifies as an Automatic Telephone Dialing System within the meaning of 47 U.S.C. §(a)(1);

c) Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants for making the calls alleged herein without express consent;

d) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct; and

e) Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

32. Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

33. Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

34. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT ONE
## LIABILITY PURSUANT TO THE TCPA

35.  Plaintiff restates and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

36.  Defendant and/or its agents made, or caused to be made, telephone calls and text messages to cellular phone numbers using an automatic dialing system without the prior express consent of the called party and using an artificial or prerecorded voice to deliver a message without their prior express consent in violation of 47 U.S.C. § 227 *et seq*.

37.  Defendant and/or its agents made the calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant and/or its agents utilized equipment that made calls/text messages to Plaintiff and other members of the Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant and/or its agents, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

38.  Thus, Defendants violated 47 U.S.C. § 227 which makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) without prior express written consent using any automatic telephone dialing system and an artificial or prerecorded voice or text message to any cellular telephone service.

## DAMAGES UNDER THE TCPA

39. Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover either actual damages, or $500 in statutory damages for each such violation, whichever is greater.

40. Accordingly, as a proximate result of the Defendant's conduct, Plaintiff and the Class seek statutory damages as provided by law.

41. In addition, if the court finds that the Defendant's willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3).

## TCPA INJUNCTIVE RELIEF

42. Additionally, Plaintiff and the Class are entitled to request that Defendant be enjoined from initiating any more calls to cellular telephone lines using an automatic telephone dialing system and an artificial or prerecorded voice pursuant to 47 U.S.C. § 227.

## DEMAND FOR PRESERVATION

43. Plaintiff specifically demands that Defendants and its agents, employees and affiliates, retain and preserve all records relating to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

   a) Scripts of the prerecorded messages sent since four years preceding the filing date of this Complaint with corresponding dates when those messages were sent;
   b) Lists of all phone numbers to which cellular telephone calls were made since four years preceding the filing date of this Complaint;

c) Lists of all phone numbers to which text messages were made to cellular telephone phones since four years preceding the filing date of this Complaint;

d) Lists of all persons and/or phone numbers who requested to opt-out of receiving calls or text messages since four years preceding the filing date of this Complaint;

e) Any proof Defendant contends shows that Defendant obtained the prior express consent of any recipient of Defendant's calls;

f) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of calls placed by Defendant or on Defendant's behalf since four years preceding the filing date of this Complaint;

g) Copies of any and all policies or procedures implemented by Defendant with regard to the placement of calls, as well as marketing activities and restrictions;

h) Documents related to Defendants' cost for transmitting the calls/text messages sent by Defendant or on Defendant's behalf since four years preceding the filing date of this Complaint; and

i) Demand is made on Defendants to notify any third parties, customers, or vendors of this preservation demand and request preservation of any information requested through this demand.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of herself and as representative of all other persons similarly situated, prays for judgment against Defendant, as follows:

1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiff and his counsel to represent the class;

2) For statutory damages as provided for under 47 U.S.C. § 227(b)(3) plus up to treble that amount for Defendants' willful and knowing violations of the law;

3) For an injunction restraining Defendants from making calls and/or text messages to cellular telephone lines/numbers using an automatic telephone dialing system and using an artificial or prerecorded voice without prior express consent;

4) For pre-judgment interest from the date of filing this suit;

5) For reasonable attorney's fees;

6) For all costs of this proceeding; and

7) For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

**JURY TRIAL DEMANDED.**

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

Respectfully submitted,

By:  *s/ James M. Griffin*
James M. Griffin, Fed ID 1053
Margaret N. Fox, Fed ID 10576
GRIFFIN | DAVIS
1116 Blanding Street
P.O. Box 999 (29202)
Columbia, S.C. 29201
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

James A. Roberts III, Esq.,
jar@lewis-roberts.com
LEWIS & ROBERTS, PLLC
3700 Glenwood Avenue, Suite 410
Raleigh, North Carolina 27612

Facsimile: (866) 322-9873
[PRO HAC VICE APPLICATION TO BE SUBMITTED]

Reuben D. Nathan, Esq., SBN#208436
rnathan@nathanlawpractice.com
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel: (949) 263-5992
[PRO HAC VICE APPLICATION TO BE SUBMITTED]

Attorneys for Plaintiff Valerie Colletii and all similarly situated persons.

December 4, 2015
Columbia, SC 29201