IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Valerie Colletti, on behalf of herself and all similarly situated persons, | ) ) ) | Civil Action No. 0:15-cv-04838-TLW |
| Plaintiff, | ) ) | **MONITRONICS' REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY AND SCHEDULING DEADLINES** |
| vs. | ) ) ) | |
| Monitronics International, Inc., | ) ) | |
| Defendants. | ) ) | |

In response to the Motion to Stay Discovery and Scheduling Deadlines, (ECF No. 16), Plaintiff opposes the stay on the grounds that discovery will be necessary in any forum, it will advance the case, and a delay "can create case management problems which impede the Court's responsibility to expedite discovery." (Pl.'s Opp'n Mot. to Stay at 1-2, ECF No. 22.)  Plaintiff's arguments are not only unsubstantiated, but they are contrary to the purpose of arbitration and are inapposite to federal precedent granting stays pending determination of a dispositive motion. Therefore, Monitronics International, Inc. ("Monitronics"), respectfully submits this Reply and requests the Court to grant its Motion to Stay.

Regardless of when Monitronics would be required to respond to Plaintiff's discovery, discovery under state or federal civil procedure rules is generally inappropriate when parties have contractually agreed to arbitrate their disputes.  As the Fourth Circuit Court of Appeals explained,

> [a]n arbitration hearing is not a court of law. When contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial. One of these accoutrements is the right to pre-trial discovery.

*Burton v. Bush*, 614 F.2d 389, 390 (4th Cir. 1980) (citations omitted).  Here, Monitronics has requested that the Court enforce the parties' arbitration agreement, (ECF No. 7), and therefore, the procedural rules governing discovery cannot be determined until the Court resolves the Motion to Compel.

Moreover, courts strongly disfavor dual discovery, noting that "the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, [are] lost if the case proceeds in both judicial and arbitral forums." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004), *cited with approval in Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-65 (4th Cir. 2011).  In addition, if a court orders arbitration, "the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process."  *Levin*, 634 F.3d at 265.

Furthermore, "allowing discovery to proceed would cut against the efficiency and cost-saving purposes of arbitration."  *Id.* at 264; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (noting that "by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and the expedition of arbitration").  Plaintiff contends that stays are not appropriate "where resolution of the motion will not dispose of the entire case."  (Pl.'s Opp'n Mot. to Stay at 2.)  However, if granted, the Motion to Compel will dispose of Plaintiff's entire case by ordering arbitration of Plaintiff's sole cause of action under the Telephone Consumer Protection Act and dismissing the request for class action relief.  As such, any discovery conducted prior to the Motion's resolution is likely to waste time and resources.

A court's responsibility to "expedite discovery," (*id.* (citing *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637-38 (M.D.N.C. 1988)), is usually assumed in response to motions that "seek to

2

prohibit or delay discovery," *Kron*, 119 F.R.D. at 637.  Monitronics' Motion to Compel was not filed with such purpose.  As explained in Monitronics' Motion to Stay, courts routinely stay discovery and other deadlines pending resolution of a motion to dismiss in the interest of judicial efficiency.  (Mot. to Stay at 3.)  Similarly, courts have granted stays pending resolution of arbitration motions.  *See, e.g.*, *Intertec Contracting A/S v. Turner Steiner Int'l*, No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (observing that "the general practice of district courts" is to stay discovery while arbitration motions are pending).  Likewise, a stay in this matter is appropriate as it will promote "the just, speedy, and inexpensive determination" of this action, *see* Fed. R. Civ. P. 1, without prejudicing either party.

## CONCLUSION

Accordingly, Monitronics requests that this Court enter a protective order to stay entry of the scheduling order, all Federal and Local Civil Rule disclosure and conference requirements, and all discovery pending resolution of the Motion to Compel and Dismiss.

[*signature page attached*]

3

NELSON MULLINS RILEY & SCARBOROUGH LLP


By: /s Donna O. Tillis
    Donna O. Tillis
    Federal Bar No. 11983
    Email: donna.tillis@nelsonmullins.com
    B. Rush Smith III
    Federal Bar No. 5031
    E-mail: rush.smith@nelsonmullins.com
    Erik T. Norton
    Federal Bar No. 09683
    Email: erik.norton@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Attorneys for Monitronics International, Inc.*


Columbia, South Carolina
April 29, 2016