# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| VALERIE COLLETTI, on behalf of herself and all similarly situated persons, ) ) ) | |
| ) | C.A. No. 0:15-CV-4838-TLW |
| Plaintiff, ) ) | |
| v. ) ) | **PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND TO DISMISS** |
| MONITRONICS INTERNATIONAL, INC., ) ) ) ) | |
| Defendant. ) | |

### INTRODUCTION

At the hearing on May 3, 2016, the Court invited Plaintiff to provide any additional authority in support of her opposition to Defendant's Motion to Compel Arbitration and to Dismiss. During the hearing, a question was raised as to whether or not the Alarm Monitoring Agreement presently before the Court, including the arbitration clause, is identical to the agreement which was before Judge Thomas W. Thrash in *Hurst v. Monitronics International, Inc.*, 1:15-CV-1844, 2016 WL 523385 (N.D.Ga. Feb. 10, 2016). Plaintiff respectfully submits the following:

### *Hurst v. Monitronics*

Significantly, the terms of the Alarm Monitoring Agreement considered by Judge Thrash, including the arbitration clause which he found to be unenforceable, are identical to the terms set forth in the Alarm Monitoring Agreement executed by Plaintiff. A copy of the Affidavit of David Verret filed in *Hurst* and attaching the Alarm Monitoring Agreement before Judge Thrash is attached hereto as Exhibit 1.

In construing the enforceability of the arbitration clause in *Hurst*, Judge Thrash began his analysis by first pointing out that "[t]he rules the alleged contract references as governing the arbitration clause between Plaintiff and Defendant do not exist." *Hurst* at *2. Judge Thrash then determined that the arbitration clause was unconscionable for the following additional reasons: (i) rather than selecting a neutral third-party arbitrator, the contract requires a lawyer familiar with the security industry in the distant forum of Dallas, Texas to conduct the secret arbitration and that the only reason to require that the arbitration occur in Dallas is to make it costly and difficult for the consumer; (ii) the agreement did not name an arbitration forum for the consumer to file her claim but rather the consumer must go to court pursuant to 9 U.S.C. § 5 to have an arbitrator appointed; (iii) the agreement included a release of liability for punitive damages; (iv) claims against Monitronics must be brought within one year; and (v) damages are capped at $1,000. *Id*.

For the reasons discussed by Judge Thrash, the arbitration clause set forth in the Alarm Monitoring Agreement meets the standard for unconscionability articulated by the South Carolina Supreme Court in *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 668 (S.C. 2007).

Respectfully submitted,

s/ *James M. Griffin*
James M. Griffin, Fed ID 1053
Margaret N. Fox, Fed ID 10576
GRIFFIN │DAVIS
1116 Blanding Street
P. O. Box 999 (29202)
Columbia, SC 29201
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

James A. Roberts, III
N.C. State Bar No. 10495
LEWIS & ROBERTS, PLLC
3700 Glenwood Avenue, Ste. 410 (27612)
P. O. Box 17529
Raleigh, NC 27619
jar@lewis-roberts.com
*Admitted Pro Hac Vice*

Reuben D. Nathan
SBN# 208436
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Ste. 350
Newport Beach, CA 92663
*Admitted Pro Hac Vice*

**Attorneys for Plaintiff**

May 13, 2016
Columbia, SC 29201