IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Valerie Colletti, on behalf of herself and all similarly situated persons, <br><br> Plaintiff, <br><br> vs. <br><br> Monitronics International, Inc., <br><br> Defendants. | Civil Action No. 0:15-cv-04838-TLW <br><br> **MONITRONICS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO THE MOTION TO COMPEL ARBITRATION AND DISMISS** |

Pursuant to the Court's request at the May 3, 2016, hearing in this matter, Plaintiff submitted a Supplemental Brief in Opposition to the Motion to Compel Arbitration and Dismiss, (Pl.'s Supp'l Brief, ECF No. 30), in which she contends that the analysis of a court from the Northern District of Georgia, *Hurst v. Monitronics International, Inc.*, No. 1:15-cv-1844, 2016 WL 523385 (N.D. Ga. Feb. 10, 2016), supports a ruling that Monitronics' Arbitration Clause is unconscionable. However, *Hurst* is not binding and is not persuasive because it was wrongly decided on grounds inconsistent with applicable law.

**ARGUMENT**

Monitronics does not contest that the language in the arbitration agreement in *Hurst* and the language in the arbitration agreement in this case are the same. However, Plaintiff did not submit anything from the record in *Hurst* other than the Order and an affidavit containing a copy of the arbitration agreement at issue in that case. Therefore, nothing submitted by Plaintiff from the *Hurst* case supports her argument that the arbitration agreement is unconscionable.

The *Hurst* court denied arbitration on two grounds under Oregon law: waiver and unconscionability. *Id.* at *2-3. However, waiver is not an issue in this case, and Oregon law is

not applicable. Moreover, *Hurst* was wrongly decided. As explained in Monitronics' Reply in Support of its Motion to Compel Arbitration and Dismiss (ECF No. 23), *Hurst* is currently pending on appeal in the Eleventh Circuit Court of Appeals. Moreover, the *Hurst* court's unconscionability analysis is not persuasive because it ignores the plain language of the parties' arbitration agreement and is wholly inconsistent with United States Supreme Court precedent, Fourth Circuit law and South Carolina law.

The *Hurst* court found that the arbitration agreement was unconscionable on the following grounds: (1) the arbitration rules do not exist; (2) the arbitration was to occur in Dallas, Texas; (3) the agreement did not name an arbitration forum for the plaintiff to file; (4) the agreement "release[d] liability for punitive damages"; (5) "the alarm monitoring agreement as a whole is permeated throughout with substantive unconscionability"; and (6) the agreement provides that the arbitrator be a lawyer familiar with the security industry. *Hurst*, 2016 WL 523385, at *2. However, none of these grounds would be applicable to support a finding of unconscionability in this case.

First, an arbitration agreement is not unconscionable just because it incorrectly names the rules to be applied. (Monitronics' Reply to Mot. to Compel at 8, *citing See Sankey v. Sears, Roebuck & Co.*, 100 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000)). Similarly, this Court has found an arbitration agreement to be enforceable even where the forum no longer existed. (Id., *citing Nat'l Material Trading v. M/V Kaptan Cebi*, No. 2:05-3637-23, 1997 U.S. Dist. LEXIS 24027, at * 18 (D.S.C. 1997). Likewise, the Arbitration Agreement in this case is enforceable despite the inaccurate reference to the applicable rules.

Second, the arbitration agreement in *Hurst* provided that "[a]rbitration or any related litigation will take place in Dallas, Texas, unless both parties agree to a different location." (Pl.'s

Supplemental Brief at Ex. 1, ECF No. 30.) Just like in this case, the forum arbitration clause is *not* mandatory. The *Hurst* court did not consider this in its analysis. Rather, in conclusory fashion, the court stated that "[t]here is no legitimate purpose for requiring that the arbitration occur in Dallas, except to make it costly and difficult for the consumer." *Hurst*, 2016 WL 523385, at *2. In this case, Plaintiff did not set forth a substantive cost analysis as is required to establish unconscionability on this basis, and Monitronics has agreed to arbitrate in this District in any event. (Monitronics' Reply to Mot. to Compel at 12.) Therefore, the Arbitration Agreement in this case is not unconscionable.

Third, the *Hurst* court noted that the agreement did not provide for an arbitrator. However, this too is not a valid basis upon which to find the arbitration clause unconscionable. The Federal Arbitration Act recognizes that arbitration agreements may not name an arbitrator or a method for appointing same, but provides that "upon application of either party . . . the court shall designate and appoint an arbitrator." 9 U.S.C. § 5. Therefore, appointing an arbitrator by such means, as a matter of law, is not unconscionable.

Fourth, in reliance on an Oregon case that found an arbitration clause limiting damages unconscionable, the *Hurst* court took issue with the agreement's provision that "[t]he arbitrator is not authorized to grant punitive damages." (Pl.'s Supplemental Brief at Ex. 1, ECF No. 30.). However, the Supreme Court of the United States, the Supreme Court of South Carolina and this Court all have found that arbitration should be compelled when an arbitration agreement contains a ban on punitive damages. *See Rowe v. AT & T, Inc.*, No. 6:13-CV-01206-GRA, 2014 WL 172510, at *11 (D.S.C. Jan. 15, 2014) ("this Court will not speculate that the arbitration agreement deprives Plaintiff of all remedies or creates illusory remedies; instead, Plaintiff must first pursue her remedies through arbitration") (*citing PacifiCare Health Sys., Inc. v. Book,* 538 U.S. 401, 406–

07, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003) (holding that "the issue of whether statutory treble damages under RICO statute were barred was not yet ripe because there was some question as to whether treble damages were punitive or compensatory, and it was unclear how an arbitrator would rule on the issue") and *Carolina Care Plan, Inc. v. United HealthCare Servs., Inc.*, 361 S.C. 544, 606 S.E.2d 752, 759 (S.C. 2004) (holding that complaints about the unavailability of treble damages under the SCUTPA must first be presented to the arbitrator)). Therefore, the limitation of damages provision in the arbitration agreement provides no basis upon which this Court should not compel arbitration.

Fifth, *Hurst* analyzed the alarm monitoring agreement as a whole and found it was substantively unconscionable. *Hurst*, 2016 WL 523385, at *2 (analyzing Paragraph 5, governing damages limitation and Paragraph 2, governing the limitations period, when the arbitration agreement was contained in Paragraph 13). It is well-established that challenges to an entire agreement should be "considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). Thus, the *Hurst* court's consideration of this issue was improper.

Sixth, and finally, the *Hurst* court incorrectly ruled that the specification of an arbitrator with experience in the security industry was unconscionable, which contradicts with Supreme Court authority. The Supreme Court of the United States has explained that arbitration clauses can "specif[y], for example, that the decision maker be a specialist in the relevant field." *Concepcion*, 563 U.S. 333, 344-45 (2011). Therefore, the requirement that the arbitration clause be familiar with the security industry is enforceable, and the *Hurst* court's sixth ground regarding for finding the agreement unconscionable is also contrary to established, mandatory precedent.

**CONCLUSION**

The *Hurst* opinion is not persuasive authority or binding in this matter. Pursuant to Supreme Court precedent, Fourth Circuit law and South Carolina law, the Arbitration Clause is not unconscionable. Therefore, Plaintiff has failed to support her opposition to Monitronics' motion to compel. Accordingly, and for the reasons set forth above, Monitronics respectfully requests this Court to enter an order compelling arbitration, finding that class wide arbitration is not permitted, and dismissing or staying this action pending arbitration.

Respectfully submitted,

        NELSON MULLINS RILEY & SCARBOROUGH LLP


        By: s/ Erik T. Norton
           B. Rush Smith III
           Federal Bar No. 5031
           E-mail: rush.smith@nelsonmullins.com
           Erik T. Norton
           Federal Bar No. 09683
           Email: erik.norton@nelsonmullins.com
           Donna O. Tillis
           Federal Bar No. 11983
           Email: donna.tillis@nelsonmullins.com
           1320 Main Street / 17th Floor
           Post Office Box 11070 (29211-1070)
           Columbia, SC 29201
           (803) 799-2000

        *Attorneys for Monitronics International, Inc.*


Columbia, South Carolina
May 23, 2016.